## Reid *v.* United Traction Company, Appellant.

*Negligence—Bicycles—Street railway.*

In an action by a bicyclist against a street railway company to recover damages for personal injuries, it appeared that the accident occurred at an unusually narrow point between the curb and the defendant's track, caused by a telegraph pole in the street. Plaintiff's testimony, which was contradicted, was in effect that at some distance from the point of the accident, he passed a car, in front of which was a beer wagon. The car was slowing up and ringing for the beer wagon to leave the track. When he was forty or fifty feet ahead of the beer wagon he looked back and saw the wagon, and the street car back of the wagon, a distance of about 160 feet. The plaintiff then rode ahead without again looking back, and was struck at the narrow point near the telegraph pole. He further testified that he was in full view of the motorman, and that the latter instead of slackening increased his speed. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued April 15, 1904. Appeal, No. 109, April T., 1904, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1902, No. 289, on verdict for plaintiff in case of James Reid v. United Traction Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FRAZER, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was refusal to give binding instructions for defendant.

J. C. *Gray*, of *Burleigh & Gray*, for appellant.—The plaintiff was guilty of contributory negligence: McCracken v. Traction Co., 201 Pa. 378; Smith v. Electric Traction Co., 187 Pa. 110; McPhillips v. Union Traction Co., 19 Pa. Superior Ct. 223; Darwood v. Union Traction Co., 189 Pa. 592; Kern v. 2d Av. Traction Co., 194 Pa. 75; Bornscheurer v.

Consol. Traction Co., 198 Pa. 332; Burke v. Union Traction Co., 198 Pa. 497; Tyson v. Union Traction Co., 199 Pa. 264; Harman v. Pa. Traction Co., 200 Pa. 311; Pieper v. Union Traction Co., 202 Pa. 100; Keenan v. Union Traction Co., 202 Pa. 107; Moser v. Traction Co., 205 Pa. 481; Bobb v. Traction Co., 206 Pa. 265.

*L. K. Porter*, with him *S. G. Porter*, for appellee.—The plaintiff was on the street without negligence, and it was the duty of the motorman to have checked its speed: Thatcher v. Traction Co., 166 Pa. 66; Gilmore v. Pass. Ry. Co., 153 Pa. 31; Woelfel v. Pass. Ry. Co., 183 Pa. 213; Davidson v. Traction Co., 4 Pa. Superior Ct. 86.

Opinion by Beaver, J., July 28, 1904:

The plaintiff recovered in the court below for injuries sustained by him by reason of a collision with a car of the defendant company in the borough of Braddock. Plaintiff, at the time of the accident, was riding upon his bicycle in front of the defendant's car. At an unusually narrow point between the curb and the defendant's track, caused by a telegraph pole in the street, the plaintiff was struck and injured.

If the facts, as they appear in the appellant's history of the case, were undisputed, it was justified in asking " that, under all the evidence, the verdict must be for the defendant," and the refusal of the court so to instruct the jury would undoubtedly have been error. The court's refusal of the point constitutes the one assignment of error.

The appellant, in its testimony in the court below, in its history of the case and in its argument, endeavors to establish the fact and to argue from it, as if established, that the collision occurred 'when the plaintiff was riding neck and neck or keeping pace with the car which caused the injury, but that this was not the case is evident from the appellant's own history which says: "When he got about forty feet from the west side of Thirteenth street, he looked around and saw the car coming again. He then traveled the forty feet to Thirteenth street and across Thirteenth street, a distance of forty feet, making in all eighty feet or more, and after crossing Thirteenth street, he, without looking for a car, suddenly turned towards the track to pass between a tele-

graph pole which was within two feet six inches of the track, and instantly collided with the car which he had kept pace with for two blocks or more, and was injured." It is plainly evident that, if, when he looked around and saw the car behind him and traveled forty feet to Thirteenth street and across Thirteenth street to the telegraph pole, he could not have been keeping pace with it. He had kept pace with it for a couple of squares but made a very considerable advance upon it during a delay caused by a beer wagon which was in front of it.

The plaintiff's history of the case, fairly deducible from his testimony, is : " When he reached a point on Braddock avenue, where it intersects with Eleventh street, there was a car running alongside of him ; in front of the car was a beer wagon. The car was slowing up and ringing for the beer wagon to leave the track. The plaintiff continued on between the track and the curb ; and shortly before he crossed Thirteenth street he looked around and saw that the beer wagon was pulling off in order to let the car pass on.

" The wagon was forty or fifty feet back of the plaintiff when he looked and the street car was back of the wagon, a distance of probably 160 feet.

"Thirteenth street is the end of the paved street and there is a telegraph pole located about two feet, six inches, from the south rail of the track of the defendant company, around which it was necessary for the plaintiff to pass.

"After he looked around, he continued his journey and, when he had arrived at a point between the track and the pole, he was run down by the car from behind. He was in full view of the motorman yet no attempt was made to slacken the speed of the car but, on the other hand, the speed of the car was increased."

In view of these alleged facts, based upon conflicting testimony, the court below said: " If you find the plaintiff's contention is true, that he was practically run down by the motorman, then he would be entitled to recover. If you find he was riding alongside the car and was struck by the side of the car, he would not be entitled to recover, no matter whether it happened at the telegraph pole or some place else. If the car had been going along Fifth avenue here in front of the courthouse, and the plaintiff had been riding alongside of the car, so

close to it that his bicycle would come in contact with the running board of the car, and he would be injured, he could not recover, nor can he recover for an accident out there, if he was riding so close to the running board that his bicycle came in contact with it."

If the plaintiff's testimony was true, that, when he looked and found the beer wagon turning off the track forty feet in his rear and the car a considerable distance in its rear, knowing the speed at which the car was running and the speed at which he himself was riding, there was abundance of time for him to have gone around the telegraph pole before the car overtook or even neared him. Was this true? Did he have time, in view of what he saw, to pass the telegraph pole before the car overtook him, assuming that the car would not increase its speed? These were undoubtedly questions for the jury. Admit that it is a close case. Close cases are for the jury. How could the court say, under the circumstances, either that the defendant was not negligent or that the plaintiff was guilty of contributory negligence? The motorman must have had the plaintiff in plain sight when the accident occurred. The narrow space between the telegraph pole and the car was as apparent to one as the other. As to the passage of that point the one in advance had the right of way. Under all the circumstances of the case, in view of the contradictory testimony of plaintiff and defendant and assuming that the jury accepted the facts, as testified to by the plaintiff and his witnesses, we cannot see how we can legitimately interfere with the verdict.

No fault is found with the charge and none could be fairly found with it.

This was not a case of the crossing of street railway tracks and the numerous cases relating to crossing which are cited have little application. Like most negligence cases it rests upon its own facts and, in view of the contradictory testimony, must be determined upon them, as the jury has found them.

Judgment affirmed.

RICE, P. J., and PORTER and MORRISON, JJ., dissent.